UNITED STATES of America,
Plaintiff–Appellee,

v.

Byron Shane CHUBBUCK, also known
as Blanco and also known as Robin
the Hood, Defendant–Appellant.

Nos. 01–2342, 01–2331.

United States Court of Appeals,
Tenth Circuit.

Oct. 4, 2002.

F.G. Maxwell Carr–Howard, Office of
the United States Attorney District of
New Mexico, Tara C. Neda, Albuquerque,
NM, for Plaintiff–Appellee.

Michael G. Katz, Fed. Public Defender,
Jenine M. Jensen, Asst. F.P., Defender,
Office of the Federal Public Defender District
of Colorado and Wyoming, Denver,
CO, for Defendant–Appellant.

Before TACHA, Chief Judge,
ANDERSON and BALDOCK, Circuit
Judges.

## ORDER AND JUDGMENT[*]

TACHA, Chief Judge.

After examining the briefs and appellate
record, this panel has determined unanimously
to grant the parties' request for a
decision on the briefs without oral argument.
*See* Fed. R.App. P. 34(f); 10th Cir.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant Byron Shane Chubbuck appeals his conviction and sentence for escape, using, brandishing and carrying a firearm during a crime of violence, and being a felon in possession of a firearm. He argues that the district court erred: 1) by refusing to allow him to introduce evidence of duress; and 2) in applying a presumption that the sentence run consecutively to a previously imposed sentence. We affirm.

Mr. Chubbuck who was being detained on other charges escaped from a van while he was being transported from court to the detention center where he was being held. He was recaptured approximately six weeks later.

■ At trial, Mr. Chubbuck sought to introduce evidence of duress. He claimed that he was being mistreated and abused at the detention center. The only evidence he sought to introduce to support his claim was the transcript of a radio interview he had with a local radio disc jockey. In that conversation, Mr. Chubbuck indicated that the warden of the jail was abusive. The only discussion regarding surrendering was in response to a question by the disc jockey.

> [Disc Jockey]: ... I mean, in the note that you gave us, you said something about turning yourself in.
>
> Mr. Chubbuck: Okay. You guys arrest, and I mean arrest and convict him, Wilford Romero, okay? He's the warden at the Santa Fe County Jail, okay?

The trial court ruled that this statement was insufficient to support a finding that Mr. Chubbuck had made an effort to surrender, and denied its admission. Mr. Chubbuck did not testify or present any evidence, and the trial court did not instruct the jury on duress.

After the jury convicted Mr. Chubbuck, the district court sentenced him to a total of 488 months, to run consecutively to the sentence imposed seven months earlier in an unrelated case.

On appeal, Mr. Chubbuck contends that the district court erred in refusing to admit the transcript of the conversation with the disc jockey. He argues that he established the threshold elements for duress. We disagree.

An indispensable element of the defense of duress is that the escapee either surrendered or offered to surrender at the earliest possible opportunity. *United States v. Bailey,* 444 U.S. 394, 415, 100 S.Ct. 624, 62 L.Ed.2d 575 (1980). An escapee must offer evidence "justifying his continued absence from custody as well as his initial departure, and ... an indispensable element of such an offer is testimony of a bona fide effort to surrender or return to custody as soon as the claimed duress or necessity has lost its coercive force." *Id.* at 412–413, 100 S.Ct. 624.

The district court did not err in refusing to admit the transcript. Mr. Chubbuck's vague and self-serving statement during his conversation with the disc jockey does not support a possible finding by the jury a "bona fide effort to surrender."

■ Mr. Chubbuck also argues that the district court misapplied the Sentencing Guidelines when it ordered the sentences imposed for being a felon in possession of a firearm and for escape to run consecutively to the sentence already imposed in another case. (He admits that his sentence for possession of a firearm must run consecutively.) Under USSG § 5G1.3(a), the district court is required to run the sentence consecutively to a previously imposed sentence if the instance offense was committed while the defendant was serving a term of imprisonment. Under

§ 5G1.3(c), a policy statement, the court has discretion to run the sentence concurrently, partially concurrently or consecutively to a prior undischarged term of imprisonment. Mr. Chubbuck argues that because at the sentencing hearing, the government argued for a consecutive sentence and cited to § 5G, the district must have erroneously applied § 5G1.3(a), rather than subsection (c). This argument is without merit.

In its argument to the district court at sentencing, the government recognized that the court had discretion in determining whether to impose the sentence concurrently or consecutively, but argued for a consecutive sentence because the "presumption ordinarily is consecutive sentencing at different sentencing hearings." The court agreed with the presumption. Defense counsel did not object. Section 5G1.3, comment. (n. 3), provides that when subsection (c) applies, the court should consider the factors set forth in 18 U.S.C. § 3584. This section provides that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). A fair reading of the transcript of the sentencing hearing indicates that this is the presumption the district court was applying, and that the court was aware that this decision was discretionary.

Accordingly, the judgment of the United States District Court for the District of New Mexico is **AFFIRMED**.